```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**GEORGE MINOR**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 15-1423**

**MARLIN N. GUSMAN, ET AL.**                             **SECTION "B"(2)**

### ORDER AND REASONS[*]

**I. NATURE OF THE SUIT**

Before the Court is Plaintiff's, George Minor, 42 U.S.C. § 1983 Complaint (Rec. Doc. No. 5), the Magistrate's Findings and Recommendation (Rec. Doc. No. 17), Plaintiff's Response to the Court's Order (Rec. Doc. No. 19), and Plaintiff's Objections to the Magistrate's Findings and Recommendation (Rec. Doc. No. 20). Plaintiff alleges in his suit that Defendants at Orleans Parish Prison have failed to provide him with cleaning supplies and that he has "suffered from chest pains, sinus, and throat soreness." (Rec. Doc. No. 17 at 1). Plaintiff seeks compensatory, declaratory, and injunctive relief. (Rec. Doc. No. 5). In his Findings and Recommendation, the Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice for failure to prosecute if he did not take further steps. (Rec. Doc. No. 17 at 6). For the reasons stated below,

**IT IS ORDERED** that the Plaintiff's objections to the Magistrate's Findings and Recommendation are **OVERRULED**, the

---

[*] We are grateful for work on this case by Alexander Licznerski, a Loyola University New Orleans College of Law extern with our Chambers.

Magistrate's Findings and Recommendation are **ADOPTED** as the opinion of this Court, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

**II. FACTS AND PROCEDURAL HISTORY**

In his suit, Plaintiff alleges that Orleans Parish Prison has neither "ventilation nor fresh air" and that because of this "there is mold all over the jail." (Rec. Doc. No. 19 at 1). Further, he states that because of mold, he has a "runny nose, chest pains, and a sore throat." (Rec. Doc. No. 19 at 1). The Magistrate Judge ordered Plaintiff to submit to the court several lists and statements in order to keep Plaintiff's case moving forward, assigning a deadline of June 22, 2015. (Rec. Doc. No. 17 at 1).[1] Plaintiff failed to submit the required documentation within the due date. (Rec. Doc. No. 17 at 2).

Subsequently, by order dated June 25, 2015, Plaintiff was ordered to show why his suit should not be dismissed for failure to prosecute based on his failure to comply with the Court's previous order. (Rec. Doc. No. 11). This subsequent order required Plaintiff to again file his lists and statements no later than July 17, 2015. (Rec. Doc. No. 17 at 2). Plaintiff was advised that

---

[1] The lists and statements included: 1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged; 2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of the conviction; 3) a written statement of the facts expected to be offered at trial; and 5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. (Rec Doc. No. 17 at 1).

this would be his final notice and that failure to comply would result in a recommendation that his case be dismissed for failure to prosecute. (Rec. Doc. No. 17 at 2). However, Plaintiff once again failed to meet the filing deadline.

On August 14, 2015, in a final effort to have Plaintiff respond, the Magistrate Judge issued his Findings and Recommendation, giving Plaintiff fourteen (14) days to file objections in order to avoid dismissal for failure to prosecute. (Rec. Doc. No. 19 at 1). Plaintiff submitted his Response along with his lists and statements on August 15, 2015. (Rec. Doc. No. 19 at 1). In his Response to the Court's Orders, Plaintiff stated that he was unable to respond to the Court's two orders because "[he] was not able to get a [stamp]." (Rec. Doc. No. 19 at 2). Plaintiff subsequently submitted his Objections to the Magistrate Judge's Findings and Recommendations on August 31, 2015. (Rec. Doc. No. 21-1 at 2).

### III. STATEMENT OF THE LAW

Rule 41(b) of the Federal Rules of Civil Procedure states that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order. *See Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). Dismissal with prejudice

will be affirmed only if (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). "Additionally, most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)(quoting *Callip v. Harrris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)).  Nonetheless, a *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).  The United States Supreme Court has stated that dismissal of an action is proper when the "history of the case" shows that a party failed to "indicate . . . a reasonable reason" for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-29 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct."  *Link*, 370 U.S. at 632 (emphasis added).  Further, "[the] authority of a federal trial court to dismiss a plaintiff's action with prejudice because of

4

his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion." *Id.*

**IV. DISCUSSION**

   **A. Plaintiff Has a Record of Delay without Reasonable Explanations**

Plaintiff does not have a reasonable explanation for his record of delay. In *Link*, the Supreme Court found that plaintiff's counsel "deliberately proceeded in a dilatory fashion" by failing to appear for a pretrial conference and therefore affirmed the lower court's dismissal of the case for failure to prosecute. *Link*, 370 U.S. at 633. Further, the Court agreed with the lower court's reasoning that dismissal was proper because "counsel had failed 'to indicate . . . a reasonable reason' for his nonappearance." *Link*, 370 U.S. at 628-29 (quoting *Link v. Wabash R.R. Co.*, 291 F.2d 542 (7th Cir. 1961)). Here, Plaintiff has not shown any inclination to comply with the two Court orders dated June 1, 2015 and June 25, 2015. Further, Plaintiff's excuse of not being able to contact the Court is not a reasonable explanation as evidence shows that he had adequate funding for a postage stamp in his prison inmate account. (Rec. Doc. No. 6-1 at 2). Plaintiff had the opportunity to comply in a timely fashion to both judicial orders, but failed to do so. Therefore, Plaintiff has demonstrated

to this Court a clear record of delay without a reasonable explanation.

**B. Lesser Sanctions Would be Futile as Plaintiff Had Knowledge of His Own Conduct Which Threatened Future Dismissal**

Lesser sanctions against the Plaintiff would be futile. "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and <u>explicit warnings</u> are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982)(emphasis added). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the <u>knowledge</u> which the circumstances show such party may be taken to have of the consequences of his own conduct." *Link*, 370 U.S. at 632 (emphasis added). In *Lewis v. Sheriff's Dep't Bossier Par.*, "the Magistrate Judge granted numerous continuances and explicitly warned [Plaintiff] several times that his failure to submit the appropriate summonses and service forms for the remaining defendants would result in voluntary dismissals of those defendants. *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. Appx. 809, 818 (5th Cir. 2012). Further, "despite warnings that his suit would be dismissed, the [Plaintiff] did not comply with the court's

6

order. . .[and] [had] not articulated any untried lesser sanction that would have been effective. *Id.*

Here, Plaintiff was explicitly warned by the Magistrate Judge that his case would be recommended for dismissal if he did not show cause for failure to respond to the Court's orders. (Rec. Doc. No. 17 at 2). Plaintiff had knowledge of his dilatory conduct through these two warnings and understood the possibility of dismissal with prejudice. Nonetheless, the Magistrate Judge's warnings were disregarded when Plaintiff failed to comply with both deadlines. It is difficult to believe that Plaintiff will obey in the future if this Court imposes any additional lesser sanctions. For these reasons, any other lesser sanctions would be futile.

**C.   Delay Caused by Pro Se Plaintiff and Not Attorney**

Plaintiff's delay is a result of his own actions. Delay caused by the Plaintiff himself and not his attorney is an aggravating factor that sways in favor of dismissal. *Callip v. Harrris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985). Here, Plaintiff represents himself *pro se* and has delayed judicial proceedings on his own behalf. Plaintiff personally failed to respond timely to the Magistrate Judge's orders and also failed to provide legitimate reasons for his delay. Therefore, this factor sways in favor of dismissal.

**D.   Plaintiff Has Not Shown Evidence of Excusable Neglect**

Plaintiff's conduct demonstrates mere ignorance. A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Plaintiff has not demonstrated to this Court that his failure to comply with two Court orders stems from excusable neglect. Plaintiff specifically states in his Response that he "was not able to get stamps" and that he does not "have help from the outside." (Rec. Doc. No. 19 at 2). These excuses are untrue as documents show that Plaintiff had enough funds in his inmate account for a stamp. (Rec. Doc. No. 6-1 at 2). Further, Plaintiff has not presented evidence that he requested and was subsequently denied legal aid during these proceedings. Plaintiff has not filed any motions with the Court requesting a continuance nor appointment of legal counsel. Therefore, Plaintiff has not met his burden of establishing excusable neglect. This factor sways against the Plaintiff.

**E.  Plaintiff Has Previously Filed Several Similar Cases in this Court**

Further, Plaintiff is not unfamiliar with this Court. Plaintiff has previously filed three similar complaints against Orleans Parish Prison officials in this Court, all of which have been dismissed. *See Short v. Foti*, No. 90-cv-00215 (E.D. La. filed Jan 29, 1990); *Minor v. Foti*, No. 90-cv-03907 (E.D. La. filed Sept

8

28, 1990); *Minor v. Foti*, No. 91-cv-00002 (E.D. La. filed Jan 10, 1991). Quite obviously, Plaintiff has a documented history of showering this Court with complaints, essentially seeking the same relief in multiple different avenues. Plaintiff's incessant filings and failures to comply with Court orders is an insult to the Court's constrained resources.

**V. CONCLUSION**

For these reasons, **IT IS ORDERED** that the Plaintiff's objections to the Magistrate's Findings and Recommendation are **OVERRULED**, the Magistrate's Findings and Recommendation are **ADOPTED** as the opinion of this Court, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE